**UNITED STATES of America**

v.

**Frank TEJEDA, Defendant.**

**No. 07 CR. 502(VM).**

United States District Court, S.D. New York.

Dec. 2, 2010.

Rua M. Kelly, United States Attorney, Southern District New York, New York, NY, for Plaintiff.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendant Frank Tejeda ("Tejeda"), who has not yet been sentenced on drug-related offenses of which he was convicted in 2007, seeks retroactive application of the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111–222, 124 Stat. 2372. The FSA altered the threshold quantities of crack cocaine that trigger statutory minimum sentences applicable to violations of 21 U.S.C. § 841. Tejeda contends that he is entitled to be sentenced under the new statute, which would reduce the applicable minimum sentence from 120 months to 60 months. For the reasons stated below, the Court denies Tejeda's request.

After a jury trial, Tejeda was convicted on November 6, 2007 of one count of con-

spiracy to distribute and possess with intent to distribute crack cocaine, in violation of 21 U.S.C. § 846, and one count of distribution and possession with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 812, 841(a)(1) and 841(b)(1)(A). The jury made the special findings that each count of conviction involved more than 50 grams of crack cocaine. This Court imposed a sentence of 240 months imprisonment in light of Tejeda's prior conviction for a felony drug offense, which subjected Tejeda to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A).

Tejeda appealed his conviction and sentence to the United States Court of Appeals for the Second Circuit. On the Government's motion, the Second Circuit remanded the case to this Court for resentencing because Tejeda had not been afforded the opportunity to address the Court at sentencing. Following the remand, the parties entered into a stipulation dated February 17, 2010, pursuant to which the Government agreed to move at resentencing for an order *nolle prosequi* of the previously filed prior felony information and Tejeda agreed not to appeal or otherwise attack his conviction or the special findings of the jury. The parties agreed that the effect of an order *nolle prosequi* would be to reduce the applicable statutory minimum sentence from 240 months to 120 months under 21 U.S.C. § 841(b)(1)(A).

Shortly after entering into the stipulation, Tejeda requested, and the Court granted, an adjournment of the resentencing proceeding while the FSA was pending before Congress, in part to await Congress's final determination as to the effective date of the statute. Several such adjournments were permitted until the President signed the bill into law on August 3, 2010. *See* Pub.L. No. 111–222, 124 Stat. 2372. The FSA increased the quantity of crack cocaine that triggers a 120–month minimum sentence from 50 grams to 280 grams. *See id.* § 2(a); 21 U.S.C. § 841(b)(1)(A)(iii). Thus, under the new law, a person who is convicted of a violation of 21 U.S.C. § 841(a)(1) involving 50 grams of crack cocaine is subject to a lesser 60–month minimum sentence rather than the 120–month mandatory minimum formerly in place. *See id.* § 2(a); 21 U.S.C. § 841(b)(1)(B)(iii).

The Court held a status conference on October 8, 2010, to consider the effect, if any, of the FSA on the statutory minimum sentence applicable to Tejeda. At the conclusion of the conference, the Court directed the parties to submit briefs addressing the question of whether the new law affects Tejeda's sentencing.[1]

Having reviewed the parties' submissions, the Court is not persuaded that the FSA applies retroactively to offenses committed prior to August 3, 2010. The Second Circuit recently addressed this issue in *United States v. Glover*, No. 09–1725–cr, 2010 WL 4250060, at *2 (2d Cir. Oct. 27, 2010) (summary order). The *Glover* Court concluded that the FSA "contains no express statement that it is intended to have retroactive effect nor can [the court] infer such intent from its language." *Id.* Thus, a sentencing court "must apply the mandatory minimum in effect at the time [the defendant] committed the offense in question." *Id.* Tejeda challenges *Glover* as controlling or even applicable precedent on the ground that the Second Circuit's deci-

---

1. Tejeda submitted two briefs, dated October 20, 2010 (Docket No. 83) and November 5, 2010 (Docket No. 85), and three letter-briefs, dated November 15, 2010 (Docket No. 88), November 19, 2010 (Docket No. 86) and November 30, 2010 (Docket No. 91). The Government submitted a brief, dated October 28, 2010 (Docket No. 87), and two letter-briefs, dated November 15, 2010 (Docket No. 89) and November 29, 2010 (Docket No. 90).

sion was issued as a summary order that should be accorded no precedential effect. The Court is not persuaded that it is at liberty not only to disregard but contradict a Second Circuit ruling squarely on point merely because it was rendered in a summary order. Though the application of such holdings is technically circumscribed by the immediate case adjudged, the decisions nonetheless constitute valuable appellate guidance. *See United States v. Payne*, 591 F.3d 46, 58 (2d Cir.2010) (" '[d]enying summary orders precedential effect does not mean that the court considers itself free to rule differently in similar cases' " (alteration in original)); *Mendez v. Starwood Hotels & Resorts Worldwide*, 746 F.Supp.2d 575, 595, No. 08 Civ. 4967, 2010 WL 3958789, at *17 (S.D.N.Y. Sept. 30, 2010) (summary order provides "some indication of how the Court of Appeals might rule were it to decide the issue in a binding opinion"); *Finkel v. David Liepper & Sons, Inc.*, No. 07–1366–civ, 2009 WL 578380, at *3 (E.D.N.Y. Mar. 4, 2009) ("Although this ruling is in a Summary Order that cannot be cited as precedential authority by attorneys, this court must recognize and respect the Second Circuit's reasoning."). It would demand an expression of utmost temerity, if not robust arrogance, for a district court to flout germane guidance of a Circuit Court panel and to substitute its own conclusion of law, particularly as to a question about Congressional intent concerning the effective date of a new statute. The Court finds no open and shut evidence on this record to compel a finding that Congress intended the FSA to apply retroactively, and thus that the *Glover* Court simply got it wrong.[2]

Likewise, the Court can find nothing in the FSA that alters the default rule that legislative repeal of a criminal penalty does not benefit those who incurred the penalty prior to its repeal, unless the repealing statute expressly provides for such relief. *See* 1 U.S.C. § 109 ("§ 109") ("The repeal of any statute shall not have the effect to release or extinguish any penalty ... incurred under such statute, unless the repealing Act shall so expressly provide ...."); *Warden, Lewisburg Penitentiary v. Marrero*, 417 U.S. 653, 661, 94 S.Ct. 2532, 41 L.Ed.2d 383 (1974) (noting that § 109 "bar[s] application of ameliorative criminal sentencing laws repealing harsher ones in force at the time of the commission of an offense"); *United States v. Smith*, 354 F.3d 171 (2d Cir.2003) (noting that the Second Circuit has held that "§ 109 saves sentencing provisions in addition to substantive laws" and consequently "saves the penalties from the date of [the defendant's] initial offense"). Thus, the statutory minimum sentence in place at the time of Tejeda's offense, rather than the more lenient scheme adopted by the FSA, applies to Tejeda. *See Glover*, 2010 WL 4250060, at *2; *United States v. Hernandez*, No. 02 CR 1213, 2010 WL 4683573, at *1–2 (S.D.N.Y. Nov. 17, 2010) (holding that "the FSA should not be construed to have retroactive effect" and denying motion to reduce sentence). Accordingly, the Court finds that the statutory minimum sentence applicable to the offenses of which Tejeda has been convicted is 120 months.

---

**2.** In his letter-brief of November 19, 2010 (Docket No. 86), Tejeda attaches a copy of a letter, dated November 17, 2010, to Attorney General Eric Holder from Senators Dick Durbin and Patrick J. Leahy. The Senators urge the Department of Justice "as a matter of prosecutorial discretion" to take the position that the FSA should apply to defendants who, like Tejeda, committed offenses prior to August 3, 2010 but have not yet been sentenced. Ironically, by advocating that the Government adopt this more lenient position, the Senators effectively concede that the statute does not so require.

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the sentencing of defendant Frank Tejeda is scheduled for January 7, 2011 at 3:30 p.m.

**SO ORDERED.**