Goodie Imani SAMUELS, Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 10 Civ. 8811.
No. 08 Cr. 0147.

United States District Court,
S.D. New York.

Dec. 20, 2010.

Goodie Imani Samuels, Herlong, CA, pro se.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Petitioner Goodie Imani Samuels ("Samuels") brought this action pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. Samuels pled guilty pursuant to a plea agreement to one count of possession with intent to distribute and distribution of crack cocaine in violation of 21 U.S.C. § 846. The sentenc-ing range under the advisory Guidelines was 188 to 235 months' imprisonment. Applying the considerations under 18 U.S.C. § 3553(a), the Court imposed a non-Guidelines sentence of 108 months' incarceration. Samuels filed an appeal, which he later voluntarily withdrew.

Samuels contends that he was denied effective assistance of counsel because trial counsel failed to explain fully a waiver provision contained in the plea agreement pursuant to which Samuels pleaded guilty. Samuels also seeks a determination as to whether he is entitled to the benefit of recent changes in the law relating to sentencing for offenses involving crack cocaine.

The Court rejects Samuels's claim of ineffective assistance of counsel. The record of Samuels's plea allocution establishes conclusively that Samuels was fully aware of all the provisions of his plea agreement, including the waivers contained therein, that he was informed of the consequences of his pleading guilty, and that his plea was knowing, voluntary and based on advice of counsel. Moreover, after having been granted requests to replace appointed counsel on two prior occasions in this case, Samuels acknowledged to the Court that he was satisfied with attorney Richard Signorelli ("Signorelli") and the representation he provided Samuels.

The Court has otherwise reviewed Samuels's ineffective assistance of counsel claim and finds it meritless. Samuels fails to establish any basis for relief on such ground under the standard enunciated by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Court finds that a fair assessment of Signorelli's performance in this case shows no evidence that the legal representation Samuels was provided in connection with his plea allocu-

588

tion or at sentencing was deficient, or that if counsel may have committed any professional error it was so serious as to deprive Samuels of a fair proceeding, or that, but for any such error the result of Samuels's sentencing, which was substantially below the bottom of the advisory Guidelines range, would have been different. *See id.* at 689, 698, 104 S.Ct. 2052, 80 L.Ed.2d 674.

In response to Samuels's request for relief pursuant to the Fair Sentencing Act of 2010 ("FSA"), Pub.L. No. 111–222, 124 Stat. 2372, Samuels is not entitled to the benefit of that law. Samuels was convicted pursuant to his guilty plea on April 1, 2009. The FSA took effect on August 3, 2010 and contains no provision making its application retroactive. *See United States v. Tejeda,* No. 07 Cr. 502, —— F.Supp.2d ——, 2010 WL 4967977 (S.D.N.Y. Dec. 2, 2010).

### ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion of Goodie Imani Samuels ("Samuels") for an order to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 is DENIED.

The Clerk of Court is directed to terminate any pending motions and to close this case.

Because Samuels has not made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue.

**SO ORDERED.**